UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | Criminal Case No. 05-342-02 (RCL) |
| **Plaintiff**, ) | 05-342-16 (RCL) |
| v. ) | 05-342-17 (RCL) |
| ) | 05-342-25 (RCL) |
| **JESUS ANTONIO MURILLO-LENIS (2)**, ) | |
| and ) | |
| **JAIME HERNAN GUTIERREZ-DIAZ (16)** ) | |
| **GERMAN VILLEGAS-MEJIA (17)** ) | |
| a.k.a. "El Doctor" ) | |
| **ALFREDO LUIS PERALTA-CARRILLO (25)**)) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT JAIME HERNAN GUTIERREZ- DIAZ' RESPONSE TO GOVERNMENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND DECLARE THE CASE COMPLEX**

**Introduction**

The government has brought a motion seeking an order that would exclude *all of the time until the commencement of the above defendants' trial* from the operation of the Speedy Trial Act, 18 U.S.C. §3161, et seq. *See* Proposed Order, 12/21/07, p. 3, para. 3. The government also seeks to have the Court make predicate findings that the case is complex and that the "best interest of the public and the defendant in a speedy trial" are outweighed by the factors put forth by the government as justifying an "ends of justice" continuance pursuant to 18 U.S.C. § 3161(h)(8)(A).

The basis for the government's complexity claim is that there are a large number of defendants charged; that it is a narcotics case involving the extraterritorial operation of United

States law, as well as investigation that took place inside and outside the United States; and . that several co-defendants are awaiting extradition from Colombia and that "a reasonable period of delay is appropriate in this case to await the arrival" of these defendants.

    This motion, which was made on December 21, 2007, follows virtually identical motions which were made with respect to other defendants on January 26, 2007 (Dkt. # 21), and August 11, 2007 (Dkt # 35).[1]   In the August 11th motion, the Government noted that there were eleven defendants awaiting extradition from Colombia, including movant Gutierrez-Diaz.[2]  The Government stated in that motion that it expected these defendants to be extradited to the United States "in an estimated three to six months."  Motion 8/11/07, pp. 3-4 (this was the same length of time the Government had estimated their extradition would take in the motion made January 26, 2007, *see* Motion, 1/26/07, p. 3-4).  It is now almost 5 months after the making of the August 11th motion, and almost one year after the making of the January 26, 2007 motion, and seven (7) of the eleven defendants have still not been brought before the Court, i.e., Rios-Mercado, Malkum-Bernades, Delgado-Gomez, Alvarez-Lozano, Tobon-Rojas, and Zapata-Bermudez and Perez-Rincon.  Moreover, the August 11th motion noted one defendant, Daviton Lewis had been arrested in Jamaica during August 2006, and his extradition might not occur until as late as February 2010![3]

---

    [1] The Court's electronic docket does not indicate that there has been a decision on either of these motions.

    [2] The eleven defendants named were Murillo-Lenis, Rios-Mercado, Malkum-Bernades, Delgado-Gomez, Alvarez-Lozano, Gutierrez-Diaz, Villegas-Mejia, Tobon-Rojas, Zapata-Bermudez and Perez-Rincon, Motion, 8/11/07, p. 3.

    [3] The Government stated: Daviton Lewis's extradition "is pending before the Jamaican courts and he is expected to be extradited to the United States in an estimated six to thirty

**ARGUMENT**

THE COURT SHOULD DENY THE GOVERNMENT'S
MOTION FOR AN OPEN-ENDED EXCLUSION OF TIME
FROM THE SPEEDY TRIAL ACT CLOCK'S REQUIREMENTS

Under the Speedy Trial Act, the Court is required to afford defendant Gutierrez-Diaz a speedy trial, defined as one that commences between 30 and 70 days of the date when he first appeared before the Court. This seventy-day period is subject to exclusions of time under § 3161(h). The government has cited § 3161(h)(7)[4] and (8)[5] of the Speedy Trial Act, and the complexities of this multidefendant case, as meriting a continuance.

Mr. Gutierrez-Diaz appeared and was arraigned on December 13, 2007, making him due to be tried under the Speedy Trial Act by February 21, 2008. Mr. Gutierrez-Diaz was arrested in

---

months." Motion, , 8/11/07, p. 4.

[4] The subsection (7) exclusion provides for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

[5] Subsection (8) excludes from the seventy-day period:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Colombia in August, 2006[6]; he has been incarcerated, in Colombia or in the United States, since then, and has been denied bail by this Court.

We respectfully submit that the case with respect to Mr. Gutierrez-Diaz is not a complex or difficult one. He has been charged in the Second Superseding Indictment with one count of conspiracy to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, and aiding and abetting the commission of this offense, in violation of 21 U.S.C. §959, 960 and 963 and 18 U.S.C. § 2 (Count One) and one count of distribution of more than five kilograms of cocaine knowing that it would be imported into the United States, and of aiding and abetting this offense, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Count Five), . In Mr. Gutierrez-Diaz's case, the issue at trial will be whether he knew that any narcotics with which he may have been involved were going to be imported into the United States. We have already received discovery from the Government, and we are prepared to proceed to trial within 70 days, in accordance with the Speedy Trial Act.

Morever, in its initial Speedy Trial Act exclusion motion, the Government noted that it had previously informed the court that it was

> not taking the position that the court delay the case and exclude the time from the Speedy Trial Act until the defendants in custody in Colombia and awaiting extradition are brought before the court, [but that] upon review the period of time, three to six months, in which those defendants will be extradited to the United States, the government believes that time is not an unreasonable amount of time to delay the case in order to await their extradition.

Motion, 1/15/07, pp. 15-16. Nevertheless, almost a year later, the Government is repeating all of

---

[6] *See* Government Speedy Trial motion 8/11/07, p. 3.

the same justifications for excluding time under the Speedy Trial Act, and asking for the Court's imprimatur on a completely open-ended extension of time, "until the commencement of trial." Proposed Order, p. 3, para. 3.

It is obvious that the requirement under the Speedy Trial Act that trial commence within 70 days of indictment or arraignment thereon is intended both to protect the defendant from undue delay in his or her trial and to benefit society by ensuring a quick resolution of criminal trial. *United States v. Kelly*, 45 F.3d 45 (2d Cir. 1995). The requirements of the Speedy Trial Act are not to be lightly set aside. Thus, in *United States v. Gambino*, 59 F.3d 353, 358 (2nd Cir. 1995) the Second Circuit declared that the Speedy Trial Act had been violated during the period immediately following the trial of the defendant's codefendants, from whom he had been severed, and that the district court's speedy trial exclusion based on complexity per 18 U.S.C. §3161(h)(8)(A) was not and could not be, indefinite in duration. In *United States v. Theron,* 782 F.2d 1510 (10th Cir. 1986), the Tenth Circuit held that the complexity of a case, combined with multiple defendants, is not enough to justify an open-ended exclusion of time under the Speedy Trial Act.[7]

---

[7] In reaching its decision, the *Theron* Court stated that it was "influenced by Congress' express intent that the ends-of-justice exception be used rarely and only in narrow circumstances:

> The history of speedy trial legislation has shown that both the defense and the prosecution rely upon delay as a tactic in the trial of criminal cases. However, from the defendant's point of view, delay is not synonymous with due process. A defendant who is required to wait long periods to be tried suffers from a magnitude of disabilities which in no way contribute to his well being. If he is incarcerated awaiting trial, unnecessary delay in the commencement of the trial could result in irreparable injury to an innocent individual. To one who is ultimately found guilty of a criminal offense, the time spent in detention may represent added time to his ultimate sentence and further retard the rehabilitative process."

Particularly where the Government has made multiple motions seeking to avoid the application of Speedy Trial Act limitations to this case, predicated on assurances that certain defendants would be extradited and brought before the Court within certain stated periods, which has not come to pass (and where one defendant's extradition is acknowledged by the Government as likely to occur as late as the year 2010), the Court should not be quick to deprive Mr. Gutierrez-Diaz or any other defendant of his Speedy Trial right.

## **CONCLUSION**

For the reasons stated, this Court should deny the Government's motion for an open-ended exclusion of time from the speedy-trial calendar provided for under the Speedy Trial Act.

January 7, 2008                              Respectfully submitted,

                                                    David S. Zapp
                                                  Attorney for Jaime Hernan Gutierrez-Diaz
                                                  7 East 94th St.
                                                  New York NY 10128
                                                  212 410-335

---

H.R.Rep. No. 1508, 93d Cong., 2d Sess. 4, reprinted in 1974 U.S.Code Cong. & Ad.News, 7401, 7407-08. *see also United States v. Frey*, 735 F.2d 350, 352 (9th Cir.1984)."