UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>            Plaintiff,                                       )<br>                                                                )<br>    v.                                                         )<br>                                                                )<br>JESUS ANTONIO MURILLO-LENIS (2),  )<br>    and                                                     )<br>JAIME HERNAN GUTIERREZ-DIAZ (16)  )<br>GERMAN VILLEGAS-MEJIA (17)          )<br>    a.k.a. "El Doctor"                              )<br>ALFREDO LUIS PERALTA-CARRILLO (25))<br>                                                                )<br>            Defendants.                                )       | Criminal Case No. 05-342-02 (RCL)<br>05-342-16 (RCL)<br>05-342-17 (RCL)<br>05-342-25 (RCL) |

**DEFENDANT JAIME HERNAN GUTIERREZ- DIAZ' RESPONSE TO GOVERNMENT POSITION ON DIVISION OF TRIAL DEFENDANTS AND SUGGESTED GROUPINGS FOR TRIAL**

This submission is made on behalf of defendant Gutierrez-Diaz in response to the government's submission of its position on the division of trial defendants and groupings for trial in the above case. The government suggests a grouping of seven defendants in each trial group, and states that its selection of defendants for each group is based upon "logical rationales for the presentation of evidence, length of time the defendants have been in United States custody and judicial economy." Gov. Submission, p. 2.

However, it is apparent from an examination of how long each defendant has been in United States custody that that consideration has been given short shrift in the government's construction of proposed trial groups. In fact, three of the seven defendants in the government's first proposed trial group have been in the United States for a shorter time than two of the seven

defendants in the second group. Mr. Gutierrrez-Diaz himself has been in this country longer than two of the defendants in the firsst group, and as long as one of the other defendants (since December 13, 2007). One of the defendants in the first trial group is not yet in the United States (Rios-Mercado), and another defendant, Tobon Rojas, was just brought here on January 29th of this year and his attorney has made a motion for an extension of time to make a suppression motion and respond to the government's motions. As for the second proposed group, three of the defendants in that group are not yet in the United States (Perez-Rincon, Zapata-Bermudez, and Malkum Bernandes).

As we stated in our response to the government's earlier motion for an open-ended exclusion of time under the Speedy Trial Act, the requirement under the Speedy Trial Act that trial commence within 70 days of indictment or arraignment is intended both to protect the defendant from undue delay in his or her trial as well as to benefit society by ensuring a quick resolution of criminal charges. *United States v. Kelly*, 45 F.3d 45 (2d Cir. 1995). The requirements of the Speedy Trial Act are not to be lightly set aside.

Here, if the Court were to countenance the government's suggested trial arrangement, and to leave Mr. Gutierrez-Diaz in the second grouping, he would not be able to go to trial for many more months, in derogation of his rights under the Speedy Trial Act. The fact that this Court's security staff and facilities make it difficult to try a large number of defendants at one time cannot be allowed to trump a defendant's Speedy Trial Act rights.

Under the Speedy Trial Act, Mr. Gutierrez-Diaz's trial should have commenced by February 21, 2008. We urge the Court to set a date for trial in the very near future so that Mr. Gutierrez-Diaz's right to a speedy trial does not fall by the wayside.

## CONCLUSION

For the reasons stated, this Court should not accept the Government's proposed grouping for trial, but should instead allow Mr. Gutierrez-Diaz to go to trial promptly.

February 26, 2008

Respectfully submitted,

David S. Zapp
Attorney for Jaime Hernan Gutierrez-Diaz
7 East 94th St.
New York NY 10128
212 410-335

Certificate of Service

I HEREBY CERTIFY that on this 27th day of February, 2008, I caused to be served a copy of this motion via the ECF system on:

AUSA Patrick H. Hearn
Narcotic and Dangerous Drug Section
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20535

Sam Jayna